**MELLINGER KARTZMAN LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Steven A. Jayson, Esq.
Tel. (973) 267-0220
sjayson@msklaw.net
*Attorneys for Steven P. Kartzman, Chapter 7 Trustee*



Order Filed on May 12, 2023
by Clerk,
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| **In Re:** | UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
| **UNIVERSAL SALES CONSULTANTS**, | |
| **Debtor.** | CASE NO. 16-30690-SLM |
| | CHAPTER 7 |
| | Honorable Stacey L. Meisel |

**ORDER APPROVING THE SALE OF JUDGMENTS TO SM FINANCIAL SERVICES CORPORATION FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through six (5), is hereby ORDERED.

**DATED: May 12, 2023**

/s/ Stacey L. Meisel
Honorable Stacey L. Meisel
United States Bankruptcy Judge

THIS MATTER having been opened to the Court by Steven P. Kartzman, Chapter 7 Trustee for the estate ("Estate") of the above captioned debtor ("Debtor"), upon the Motion of Chapter 7 Trustee for an Order Approving the Sale of Judgments to SM Financial Services Corporation Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief ("Motion"); and supporting Memorandum of Law concurrently therewith ("Memorandum")[1]; and it appearing that the notice filed concurrently with the Motion, as it pertains to the entry of this Order was good and sufficient under the circumstances and that no other or further notice need be given with respect to entry of this Order; and the Court having reviewed the Motion, and any objections or responses thereto, and having heard the arguments of counsel in support of the relief requested at a hearing before this Court; and it appearing that entry of this Order is in the best interests of the Debtor's Estate, its creditors and other stakeholders; and upon the Motion, responses filed, and the record of the hearing; and after due deliberation and good cause appearing therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT**[2]:

(A)    October 31, 2016, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey.

(B)    On November 1, 2016, Steven P. Kartzman was appointed as Chapter 7 Trustee for the Debtor's Estate.

(C)    The Judgment Purchase Price is approved in its entirety.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion or Memorandum, as applicable.
[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

(D)   The Trustee filed a Notice of Proposed Private Sale providing that the Trustee proposed to sell the Judgments to SM Financial for $2,000.00 (the "Judgment Purchase Price").

(E)   The sale of the Debtor's assets set forth in the Notice of Proposed Private Sale was a private sale, subject to higher and better offers.

(F)   The Trustee is authorized to sell its right, title, and interest in the judgments, free and clear of all liens, claims, interests, and encumbrances, with any such liens, claims, interests, and encumbrances to attach to the proceeds of the judgments in the order of their priority, with the same validity, force and effect that they now have, subject to the rights, claims, defenses and objections, if any, of the Trustee and all interested parties with respect to such liens and claims.

(G)   The Trustee has articulated good and sufficient business reasons to support this Court's approval of entry of this Order (1) authorizing the Trustee to sell the Judgments for $2,000; (2) approving the sale of the Judgments; (3) waiving the fourteen (14) day stay period pursuant to Rule 6004(h) so that the closing may occur immediately following entry of this Order; and (4) granting other related relief as set forth herein.

(H)   The Trustee is selling the Judgments "AS IS, WHERE IS."

(I)   The entry of this Order is in the best interests of the Debtor and its Estate, creditors, and other stakeholders.

(J)   The Judgment Purchase Price and the terms of the Judgment Purchase Agreement are fair and reasonable.

(K)   SM Financial is found to be a good faith purchaser in compliance with the requirements of the Bankruptcy Code and the standard set forth in *In re Abbott's Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986).

(L) Timely notice of the sale and an opportunity to object or be heard with respect to the sale has been afforded to all interested and identifiable potentially interested persons and entities.

(M) The requirements of FED. R. BANKR. P. 6004(h) are hereby waived.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:**

1. The relief sought in the Motion is GRANTED ~~in its entirety~~ as set forth herein.

2. The Judgment Purchase Price is fair and reasonable.

3. Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell the Judgments to SM Financial for the Judgment Purchase Price as provided in the Motion.

4. Pursuant to 11 U.S.C. § 363(f), the sale of the Judgments to SM Financial shall be free and clear of any and all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to the proceeds of the Sales with the same force, effect, and priority as such liens, claims, interests and encumbrances have on the Estate's right to the Judgments, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto.

5. The Trustee and the Trustee's professionals are authorized to take such actions as are necessary to effectuate the terms of the agreement, together with all additional instruments and documents that may be reasonably necessary to conclude the sale of the Judgments.

6. SM Financial is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

7. The transfer of the Judgments to SM Financial pursuant to the Judgment Purchase Agreement constitutes a legal, valid, and effective transfer of all right, title and interest of the

4

Trustee and the Debtor's Estate in the Judgments, and shall vest SM Financial with all of the Trustee's and the Debtor's Estate's right, title and interest in the Judgments and proceeds thereof.

     8.     The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

     9.     This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

United States Bankruptcy Court
District of New Jersey

In re:  Case No. 16-30690-SLM
Universal Sales Consultants  Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2  User: admin  Page 1 of 2
Date Rcvd: May 12, 2023  Form ID: pdf903  Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol**     **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 14, 2023:**

**Recip ID**     **Recipient Name and Address**
db     + Universal Sales Consultants, 1123 A Route 23 S., Wayne, NJ 07470-6608

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 14, 2023     Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 12, 2023 at the address(es) listed below:**

**Name**     **Email Address**

Denise E. Carlon
    on behalf of Creditor The Bank of New York Mellon FKA The Bank of New York as Trustee for the certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2007-1 dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Franklin G. Soto
    on behalf of Transferee Jarro Construction & Home Improvements LLC yesenia@bsgslaw.com, sotofr96356@notify.bestcase.com

Joseph R Zapata, Jr
    on behalf of Plaintiff Steven P. Kartzman jzapata@msbnj.com

Judah B Loewenstein
    on behalf of Trustee Steven P. Kartzman jloewenstein@msklaw.net sjayson@msklaw.net;pmasiello@msklaw.net;donnaz@msklaw.net

Judah B Loewenstein
    on behalf of Plaintiff Steven P. Kartzman jloewenstein@msklaw.net sjayson@msklaw.net;pmasiello@msklaw.net;donnaz@msklaw.net

District/off: 0312-2  User: admin  Page 2 of 2
Date Rcvd: May 12, 2023  Form ID: pdf903  Total Noticed: 1

Leonard S. Singer
  on behalf of Debtor Universal Sales Consultants zsbankruptcy@gmail.com r57125@notify.bestcase.com

Martin Cabalar
  on behalf of Creditor Erminio and Denise Liotta mcabalar@beckerlawyers.com
  yhiciano@beckerlawyers.com;vmogavero@beckerlawyers.com;sklein@beckerlawyers.com;cstark@beckerlawyers.com

Steven A. Jayson
  on behalf of Trustee Steven P. Kartzman sjayson@msklaw.net
  jloewenstein@msklaw.net;donnaz@msklaw.net;pmasiello@msklaw.net

Steven A. Jayson
  on behalf of Plaintiff Steven P. Kartzman sjayson@msklaw.net
  jloewenstein@msklaw.net;donnaz@msklaw.net;pmasiello@msklaw.net

Steven P. Kartzman
  on behalf of Plaintiff Steven P. Kartzman Trustee@msklaw.net
  nj16@ecfcbis.com;jloewenstein@msklaw.net;sjayson@msklaw.net;skartzman@msklaw.net;donnaz@msklaw.net;pmasiello@msklaw.net

Steven P. Kartzman
  on behalf of Accountant Withum Smith & Brown  PC Trustee@msklaw.net,
  nj16@ecfcbis.com;jloewenstein@msklaw.net;sjayson@msklaw.net;skartzman@msklaw.net;donnaz@msklaw.net;pmasiello@msklaw.net

Steven P. Kartzman
  on behalf of Trustee Steven P. Kartzman Trustee@msklaw.net
  nj16@ecfcbis.com;jloewenstein@msklaw.net;sjayson@msklaw.net;skartzman@msklaw.net;donnaz@msklaw.net;pmasiello@msklaw.net

Steven P. Kartzman
  Trustee@msklaw.net
  nj16@ecfcbis.com;jloewenstein@msklaw.net;sjayson@msklaw.net;skartzman@msklaw.net;donnaz@msklaw.net;pmasiello@msklaw.net

TOTAL: 13